IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIMITRIOUS STOKES** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **EQUAL OPPORTUNITY EMPLOYMENT COMMISSION – PHILADELPHIA, et al.** | : | **NO. 15-4815** |

## MEMORANDUM

**PAPPERT, J.**                                                                                    **AUGUST 31, 2015**

Plaintiff Dimitrious Stokes brings this civil action against the Equal Employment Opportunity Commission (EEOC) in Philadelphia—identified in the complaint as the Equal Opportunity Employment Commission—and two EEOC employees. He seeks leave to proceed *in forma pauperis*. The Court will grant plaintiff leave to proceed *in forma pauperis* and dismiss his complaint.

Plaintiff filed a complaint with the EEOC in Philadelphia claiming that his former employer retaliated against him. An EEOC employee "dismissed [the complaint] due to lack of jurisdiction without substantial weighted review or right to sue notice." (Compl. ¶ II.B.) Plaintiff alleges that the dismissal "was automatic and biased in favor of the employer." (*Id.* ¶ III.C.) Plaintiff "contacted the Philadelphia EEOC manager and informed him of the incident via voicemail." (*Id.*) He also submitted a claim under the Federal Tort Claims Act (FTCA) more than six months ago. Based on those allegations, plaintiff initiated this civil action, apparently pursuant to the FTCA, seeking $15,000 for "the negligent and unlawful denial of [his] claim." (*Id.* ¶ V.) Plaintiff alleges that he has struggled to find employment and has had trouble meeting basic needs such as food and shelter.

1

Plaintiff's motion to proceed *in forma pauperis* is granted because he has satisfied the requirements set forth in 28 U.S.C. § 1915, and it appears that he is incapable of paying the fees necessary to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the complaint if it fails to state a claim. To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). As plaintiff is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

The FTCA partially waives the federal government's sovereign immunity to allow liability for the torts of federal employees acting within the scope of their employment "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). However, "the FTCA authorizes suits only against the United States itself, not individual defendants or agencies." *Gary v. Pa. Human Relations Comm'n*, 497 F. App'x 223, 228 (3d Cir. 2012) (per curiam). Furthermore, there is no basis for liability under the FTCA based on EEOC employees' alleged failures in handling a complaint because "there is no private analogue to the EEOC's work in processing and investigating discrimination charges."[1] *Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 84 (3d Cir. 2014) (per curiam); *see also Gary v. Pa. Human Relations Comm'n*, Civ. A. No. 10-1844, 2012 WL 931082, at *3 (E.D. Pa. Mar. 20, 2012) ("[A] cause of action against the EEOC does not exist for challenges to its processing

---

[1] For that reason, there is also no plausible basis for a negligence claim against the individual defendants. *See Irwin v. Miami-Dade Pub. Schools*, 398 F. App'x 503, 506 (11th Cir. 2010) (per curiam) (rejecting claims against EEOC employees, among others, because "[t]here is no underlying state-law tort to support a claim under the Federal Tort Claims Act"). Furthermore, plaintiff's loss of employment and his related financial difficulties stem from the fact that he lost his job, as opposed to the EEOC's handling of his complaint.

of a claim, and courts have repeatedly held that the United States has not waived its immunity for suits against the EEOC for such claims." (internal citations omitted)), *aff'd,* 497 F. App'x 223 (3d Cir. 2012) (per curiam).  Accordingly, plaintiff cannot state a claim based on the defendants' alleged failures in handling his EEOC complaint.[2]  If plaintiff has not received notice of right to sue from the EEOC, he may ask the EEOC to issue notice in accordance with its regulations, so that he may pursue his claims against his former employer if he seeks to do so.  *See* 29 C.F.R. § 1601.28(a).

    Plaintiff will not be given leave to amend because amendment would be futile.  An appropriate order follows, which shall be docketed separately.

---

[2] Notably, "[n]o due process right is implicated in the investigative, non-adjudicatory procedures of the EEOC." *Andela*, 569 F. App'x at 83.